**Kevin HARRIS, Plaintiff–Appellant,**

v.

**K. TRUESDELL, et al., Defendants–Appellees.**

No. 03–1440.

United States Court of Appeals, Sixth Circuit.

Oct. 23, 2003.

Before KENNEDY and GIBBONS, Circuit Judges; and ALDRICH, District Judges.*

*ORDER*

Kevin Harris, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Harris is an inmate at the Baraga Maximum Correction Facility ("BMCF") and filed this civil rights action against defendants K. Truesdell, Tim Hares, Julie L. Paquette, Unknown West, Unknown Reeder, and Unknown Douglas, all of whom were employed as corrections officers at BMCF during the pertinent time period. In addition, Harris named as defendants BMCF Warden George Pennell and BMCF Deputy Warden Darlene Edlund. The facts underlying this lawsuit are adequately set forth in the magistrate judge's report and recommendation filed February 19, 2002 and February 12, 2003 and will not be repeated herein. Harris primarily alleged that he had been assaulted by the defendants in 2001. Harris admitted that his claims involved his subsequent conviction of a prison misconduct charge, which

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

had resulted in the imposition of 60 days of punitive detention. Harris claimed that he was convicted of a false misconduct ticket of assault on corrections officers without a hearing in violation of his due process rights. He also claimed that he was held in punitive segregation for a period exceeding 60 days in violations of prison rules and policies. He further claimed that he was wrongly deprived of personal property, particularly his eyeglasses. He also claimed that his Eighth Amendment rights were violated when the defendants denied him medical care after an alleged assault by several of the defendants. Lastly, he claimed that the defendants used excessive force against him and failed to protect him from alleged assaults by corrections officers.

In the report and recommendation filed February 19, 2002, the magistrate judge recommended that all of Harris's claims, except his excessive force and failure to protect claims against defendants Truesdell, Hares, Paquette, West, Reeder, and Douglas, be dismissed as frivolous or for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b) and 42 U.S.C. § 1997e. The magistrate judge recommended that the Eighth Amendment claim against defendant Edlund be dismissed because Harris failed to allege facts indicating that defendant Edlund was aware of Harris's particular situation, or that she was deliberately indifferent to any serious needs on the part of Harris. The magistrate judge recommended that the claims against defendant Pennell be dismissed because Harris failed to allege facts establishing that defendant Pennell was personally involved in the activity which formed the basis of his claims. The district court adopted the report and recommendation despite Harris's objections.

Thereafter, the remaining defendants filed a motion to dismiss or, in the alternative, motion for summary judgment on the excessive force and failure to protect claims. In the report and recommendation filed February 12, 2003, the magistrate judge recommended that summary judgment be granted for the defendants. The district court adopted the magistrate judge's report and recommendation over Harris's objections. Reconsideration was denied. This appeal followed.

We review de novo a district court's decision to dismiss under 28 U.S.C. §§ 1915(e), 1915A, and 42 U.S.C. § 1997e. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A case is frivolous if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). In determining whether a complaint fails to state a claim, this court construes the complaint in the light most favorable to the plaintiff, accepts his factual allegations as true, and determines whether he can prove any set of facts in support of his claims that would entitle him to relief. *Turker v. Ohio Dep't of Rehab. and Corr.,* 157 F.3d 453, 456 (6th Cir.1998). Here, the district court properly dismissed Harris's due process and Eighth Amendment claims.

First, the district court properly concluded that Harris's due process claim with respect to the misconduct ticket is not cognizable under 42 U.S.C. § 1983 because a ruling on this claim would, if established, necessarily imply the invalidity of his disciplinary conviction. *See Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Harris's punishment of more than 60 days of punitive segregation does not give rise to a protected Fourteenth Amendment liberty interest because it is not an "atypical and significant hardship on the inmate in relation to the

ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Moreover, Harris has no constitutional right to be held in a specific security classification. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Further, the district court correctly concluded that Harris cannot state a due process claim for the alleged loss of his personal property because he cannot show that state remedies are inadequate to remedy the loss. *See Hudson v. Palmer*, 468 U.S. 517, 530–36, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir.1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir.1993). The district court correctly concluded that Harris alleged nothing that rises to the level of an Eighth Amendment violation. *See Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Finally, Harris's claim against defendant Pennell is based upon a respondeat superior theory of liability, which cannot provide the basis for liability in § 1983 actions. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

The district court's award of summary judgment is reviewed *de novo* on appeal. *See Moore v. Holbrook*, 2 F.3d 697, 698 (6th Cir.1993). Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Moore*, 2 F.3d at 698.

Upon review, we conclude that summary judgment for the defendants on Harris's excessive force claim was proper for the reasons stated by the magistrate judge, and adopted by the district court. Harris plainly alleged that the defendants had attacked him without provocation and that he had not resisted their orders or fought against them. However, it is undisputed that Harris was charged with a major misconduct violation for assault and battery based on allegations that he had lunged at defendant Truesdell with his shoulder, twice striking defendant Truesdell's chest, and knocking defendant Truesdell into the wall. Harris was found guilty of the misconduct charge and sanctioned with sixty days of punitive detention.

Since granting Harris his requested relief would call into question the validity of his disciplinary conviction, his Eighth Amendment claim is not cognizable under § 1983. A prisoner found guilty in a prison disciplinary hearing cannot use § 1983 to collaterally attack the hearing's validity or the conduct underlying the disciplinary conviction. *Huey v. Stine*, 230 F.3d 226, 230–31 (6th Cir.2000). Because a favorable ruling on Harris's Eighth Amendment claim would imply the invalidity of his disciplinary conviction, this claim is not cognizable. *Edwards*, 520 U.S. at 648, 117 S.Ct. 1584; *Huey*, 230 F.3d at 230.

The remaining arguments on appeal are without merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.